Dear Dr. McCrory:
Reference is made to your recent request for an opinion of this office regarding potential new fees and potential increases in tuition and fees associated with the provision of independent study courses through the LSU Office of Independent Study. Specifically, you are interested in determining whether such new fees and increases would require legislative approval in accordance with La. Const. Art. VII, Sec. 2.1.
According to your correspondence, the LSU Office of Independent Study is engaged in providing correspondence and "distance learning" courses to three populations: 1) college credit for students of higher education, 2) high school courses for students seeking a high school diploma, and 3) a wide variety of noncredit courses for the general population. You pose four questions for this office to examine, which we have addressed below.
 1. "Louisiana State University has published tuition rates for college credit courses. On a per hour basis tuition ranges from a high of $285.00 per credit hour to a low of $75.00 per credit hour, depending on the number of hours a student schedules in a semester. For many years, the fee charged for independent study courses has been less than the rate assessed for classroom based instruction. The current rate for independent study courses is $60.00 per credit hour, regardless of the number of hours scheduled. Given that the University has priced these courses at a fee less than the established rate for on and off campus classroom instruction, is it possible for the tuition for correspondence and other forms of distance based (i.e. Internet delivery) higher education to rise to the rate of the current published LSU tuition schedule without seeking legislative approval?"
La. Const. Art. VII, Sec. 2.1(A) pertinently provides as follows:
 "Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature."
In Opinion No. 96-353, which opinion is referenced in your letter, the Attorney General opined that the requirements of La. Const. Art. VII, Sec. 2.1 are applicable only with respect to the governmental functions of LSU, and would not apply to amounts charged by the auxiliary and self-generated operations of the University such as for food services, book store merchandise, medical or veterinary services, student housing and admittance to extracurricular events.
Opinion No. 96-353 pertinently provides:
 "Article VII, Section 2.1 applies to all new fees or fines and all increases to existing fees and fines charged by any state board, department or agency of this state. Adopting a definition of the word fee which would restrict it to a charge for the services of a public official or a privilege under the control of government is a reasonable interpretation which gives effect to the Legislature's intent while preventing an absurd result. Under such an interpretation, charges which are assessed by a governmental entity for the purpose of defraying the costs of providing a governmental service or the costs of regulating a particular area would be considered fees. Those fees or charges for non-governmental functions or products and/or services not in the control of the governmental entity at issue would be exempt from legislative review.
 "The Louisiana State University System is created and exists for the sole purpose of providing public higher education to the citizens of this State. This is its governmental function. Those charges which are assessed for the provision of higher education to LSU students would be considered fees for purposes of Article 7, Section 2.1. Those fees or charges for non-governmental functions or products and/or services not in control of the governmental entity at issue would be exempt from legislative review." (Emphasis added)
Pursuant to Opinion No. 96-253, the Attorney General has determined that charges for the provision of higher education (i.e., tuition and related charges), are charges related to LSU's sole governmental function, and would, therefore, be considered fees for the purpose of La. Const. Art. VII, Sec. 2.1.
In our opinion, the provision of correspondence and other forms of distance based education form a part of LSU's governmental function (the provision of higher education), and the delivery of those courses is not a mere auxiliary or non-governmental function. It is our opinion that an increase in the fees charged for delivery of these forms of higher education would require legislative approval, even though the per hour rates charged for the delivery of classroom delivered higher education are higher than that charged for distance based education.
 2. "Are increase in high school and non-credit course fees subject to legislative approval? In the opinion (96-353) issued by your office you state that "the LSU System is created and exists for the sole purpose of providing public higher education." In cases where the University provides secondary or non-credit education, are increase in fees for these forms of education exempt from the need for legislative approval?"
In our opinion, increases in fees for high school and non-credit course fees are not exempt from the need for legislative approval in accordance with La. Const. Art. VII, Sec. 2.1. These types of courses are, in our opinion, forms of higher education and form a part of LSU's governmental function even if such courses do not provide the recipient with college credit. The fees are assessed by LSU, the courses are under the control of LSU and, in accordance with the course brochures you have provided, the courses are taught by LSU's faculty and staff. In accord: Attorney General's Opinion No. 97-305.
 3. "We have several ancillary fees associated with Independent Study courses. These include fees for materials such as study guides, audio and videocassettes, and computer software. Are such fees subject to legislative approval before they may be applied or increased?"
If such materials are not required and if use of or access to such materials is not an integral part of the course of instruction, and/or if such materials are available from other vendors as well as from LSU, then it is our opinion that charges for such materials are not directly a part of the governmental function of providing higher education, and thus, such charges are not considered fees under La. Const. Art. VII, Sec. 2.1. In our opinion, such items as suggested study aids and suggested (but not required) reading materials would fall into this category.
However, if the materials in question can only be obtained from LSU and are required to be purchased or used by a student in connection with Independent Study courses, or if student use of and access to such materials is an integral part of course delivery, then an increase in fees imposed for such materials and the imposition of new fees for such materials would be subject to legislative approval in accordance with La. Const. Art. VII, Sec.2.1. In accordance with the reasoning set forth in Opinion No. 96-353, such charges for required or essential materials would be considered charges for the services under the control of a governmental entity (LSU) and "directly a part of the governmental function of providing higher education". Such fees could not be considered "auxiliary" (i.e., "for services or products which are not directly a part of the delivery of an education"), but instead must be considered as being for services or products which are directly a part of the delivery of education.
 4. "Finally, what about the imposition of new fees to support new forms of educational delivery? Our office is rapidly moving toward the use of the Internet as a form of course delivery. Must we seek legislative approval before establishing a fee for this new form of course delivery?"
As noted in our answer to your first question, Opinion No. 96-253 determined that charges for the provision of higher education (i.e., tuition), are charges related to LSU's sole governmental function, and would, therefore, be considered fees for the purpose of La. Const. Art. VII, Sec. 2.1. Our response to your first question also provides that it is our opinion that the provision of correspondence and other forms of distance based education form a part of LSU's governmental function, and are not mere auxiliary or non-governmental functions.
In accordance with the reasoning set forth in our answer to your first question, it is our opinion that the assessment of new fees for delivery of new forms of course delivery would require legislative approval in accordance with La. Const. Art. VII, Sec.2.1.
We trust the foregoing to be helpful, and hope that you will not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv